**D. GILL SPERLEIN (SBN 172887)**
THE LAW OFFICE OF D. GILL SPERLEIN
345 Grove Street
San Francisco, California 94102
Telephone: (415) 404-6615
Facsimile: (415) 404-6616
gill@sperleinlaw.com

Attorney for Plaintiff Axel Braun




THE LAW OFFICE OF D. GILL SPERLEIN
345GROVE STREET
SAN FRANCISCO, CA 94102
TEL: 415-404-6615 FAX: 415-404-6616

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

CV 12 4103 HRL

AXEL BRAUN,

Plaintiff,

vs.

PRIMARY DISTRIBUTOR DOE NUMBER 1 and DEFENDANT DOES 2 through 89,

Defendants.

**CASE NO.:**

**COMPLAINT:**

**(1) COPYRIGHT INFRINGEMENT; and**

**(2) CONTRIBUTORY COPYRIGHT INFRINGEMENT**

**DEMAND FOR JURY TRIAL**

## INTRODUCTION

1. This is an action by AXEL BRAUN, who does business as Axel Braun Productions, to recover damages arising from Defendants' infringement of his movie, *Star Wars XXX: A Porn Parody*, and to enjoin Defendants from future infringement.

2. Plaintiff is informed and believes and based thereon alleges that PRIMARY DISTRIBUTOR DOE NUMBER ONE, using BitTorrent technology, began distributing illegally

reproduced portions of Plaintiff's movie at least as early as 11:49:37 PM GMT on April 13, 2012, and continued to do so until at least 10:33:55 PM GMT on April 15, 2012.

3. Plaintiff is informed and believes and based thereon alleges that during those 46 hours, PRIMARY DISTRIBUTOR DOE NUMBER 1 made pieces of Plaintiff's movie available to at least 89 other individuals who during the same time frame accessed the Internet from other Internet protocol (IP) addresses located within the state of California. Plaintiff currently identifies those individuals as DEFENDANT DOES 2 through 89.

## JURISDICTION

4. This Court has subject matter jurisdiction over Plaintiff's claims for copyright infringement pursuant to 17 U.S.C. §§ 101, *et. seq.*, and 28 U.S.C. §§ 1331 and 1338(a).

5. Plaintiff is informed and believes and based thereon alleges that Defendants reside in, solicit, transact, or are doing business within the State of California.

6. Using geo locating tools, Plaintiff's investigators have placed within the State of California the IP addresses from which each Defendant accessed the Internet to engage in the infringing actions alleged herein. Since each of the Defendants likely accessed the Internet from within the State of California, Plaintiff's claims arise out of the Defendants' conduct that gives rise to personal jurisdiction over Defendants.

## VENUE

7. Venue is proper in this Court pursuant to 28 U.S.C. §§ 1400(a). As this is a copyright infringement action, venue is allowed in any judicial district in which a Defendant resides or may be found. Plaintiff is informed and believes and based thereon alleges that Defendant Primary Distributor Doe 1 accessed the Internet in order reproduce and distribute Plaintiff's movie from

THE LAW OFFICE OF D. GILL SPERLEIN
345GROVE STREET
SAN FRANCISCO, CA 94102
TEL: 415-404-6615 FAX: 415-404-6616

within the City of San Jose, is subject to personal jurisdiction in this District, and can be found in this District. The remaining Doe Defendants either reside in this District or may be found here, as they contributed to infringement that took place within this District and caused harm within this District.

## INTRA DISTRICT ASSIGNMENT

8. As this an intellectual property action, it is subject to District wide assignment pursuant to Local Rule 3-2(c).

## THE PARTIES

### THE PLAINTIFF

9. AXEL BRAUN is an individual doing business as Axel Braun Productions with his principal place of business located in Porter Ranch, California.

10. AXEL BRAUN produces, directs, markets, and distributes adult entertainment products, including Internet website content, videos, DVDs, photographs, etc.

### THE DEFENDANTS

11. The true names of Defendants are unknown to Plaintiff, who therefore sues said Defendants by fictitious names. Each Defendant is known to Plaintiff only by the IP address he or she used to access the Internet for the purposes of engaging in the infringing activity described herein.

12. PRIMARY DISTRIBUTOR DOE NUMBER 1, reproduced and distributed a specific file containing Plaintiffs' movie identified by its infohash - B420335EDBF1786C6A0FDC567C4EE9920911847B.

13. DEFENDANT DOES 2 through 89 each participated in the swarm sharing the specific file containing Plaintiffs' movie identified by its infohash B420335EDBF1786C6A0FDC567C4EE9920911847B during the 46 hours PRIMARY DISTRIBUTOR DOE NUMBER 1 distributed pieces of the file to the swarm. DEFENDANT DOES

THE LAW OFFICE OF D. GILL SPERLEIN
345GROVE STREET
SAN FRANCISCO, CA 94102
TEL: 415-404-6615 FAX: 415-404-6616

THE LAW OFFICE OF D. GILL SPERLEIN
345GROVE STREET
SAN FRANCISCO, CA 94102
TEL: 415-404-6615 FAX: 415-404-6616

2 through 89 each received portions of the file from the swarm and subsequently reproduced and on information and belief distributed the file to other peers participating in the swarm including other DOE Defendants named herein. Thus, all Defendants reproduced and distributed to one another the same precise file and portions thereof in a completely interconnected and concerted effort to deprive Plaintiff of his exclusive rights under the Copyright Act.

14. Plaintiff is informed and believes and based thereon alleges that at all times herein mentioned, each of the Defendants, was the agent, employee, servant, co-venturer and/or representative of each of the other Defendants and was at all times herein mentioned acting within the purpose and scope of said agency, venture, employment and/or representation and with actual or ostensible authority and agency and that each of the Defendants ratified the actions and/or conduct of the others.

15. Plaintiff believes that information obtained in discovery will lead to the identification of each Defendants' true name and will permit Plaintiff to amend this Complaint to state the same.

16. Each of the fictitiously named Defendants engaged in their copyright infringement scheme together. They were members of the same swarm during the same time frame; they all used the same torrent file with infohash - B420335EDBF1786C6A0FDC567C4EE9920911847B; they all reproduced and on information and belief redistributed the same motion picture; and on information and belief they all shared with PRIMARY DISTRIBUTOR DOE 1 and with one another the same precise file containing Plaintiffs' movie identified by its infohash-B420335EDBF1786C6A0FDC567C4EE9920911847B.

**FACTS COMMON TO ALL CLAIMS**

17. Technological advances have made it increasingly possible to transfer large amounts of data, including digital video files, by and through the Internet.

18. BitTorrent is a peer-to-peer file sharing protocol used for distributing and sharing data on the Internet, including motion pictures. Rather than downloading a file from a single source, the BitTorrent protocol breaks files into many small pieces and allows users to join a group of hosts (or "swarm") to download and upload those pieces from each other simultaneously.

19. First, a user navigates to a BitTorrent tracking website. The user cannot download the file from this website, rather the user downloads a torrent file that will keep track of all the other peers that are exchanging pieces of the file.

20. The downloaded torrent file contains a unique hash code known as an SHA-1 HASH – or "infohash" a unique identifier generated by a mathematical algorithm developed by the National Security Agency. This torrent file and its infohash serves as a roadmap to a BitTorrent program to locate and download all the pieces of a file such as a motion picture or music file.

21. It is helpful to think of the process of transferring files using BitTorrent technology in the context of a constructed puzzle. In furtherance of sharing this puzzle, it is deconstructed into tiny pieces. These pieces are then distributed among one or more peers participating in a swarm. Once a peer identifies a file he wants to download, the peer locates all the peers currently on line and offering for distribution the identical file (cut in the same pieces) as identified by the unique infohash. The technology, in conjunction with software residing on tracking servers, is capable of locating all the unique corresponding pieces that make up the original file. The software then downloads pieces of the file from various peers, seeking the pieces that will download the fastest. Once all the pieces are located and downloaded, the software places the pieces into the original order thereby reconstructing the entire original file.

22. When users possess the same infringing file as identified by the unique infohash (as in this case), it is because each infringer possesses an exact digital copy containing the exact pieces

THE LAW OFFICE OF D. GILL SPERLEIN
345GROVE STREET
SAN FRANCISCO, CA 94102
TEL: 415-404-6615 FAX: 415-404-6616

unique to that file. Returning to the puzzle analogy, other puzzles may be created out of the same motion picture, but those pieces will not fit together with the pieces from a differently cut puzzle, even if made from the same motion picture. Only pieces from the puzzle identified by the unique hash ID will fit together. Thus, the BitTorrent users rely on other users that are working with the same version of the puzzle *at the same time*.

23. The user places the torrent file into a BitTorrent program on their computer, also known as a BitTorrent "client" application. This program connects uploaders (seeders) of the file (i.e. those that are distributing the content) with downloaders of the file (i.e. those who are copying the content). During this process, the torrent tracker directs the BitTorrent user's computer to other users who have an exact copy of the file, and then facilitates the download process from those users.

24. Plaintiff is informed and believes and based thereon alleges that in this instance, PRIMARY DISTRIBUTOR DOE NUMBER 1 served as an uploader of pieces of the file, during the exact time that DEFENDANT DOES 2- 89 were participating in the swarm and exchanging pieces of the file.

25. Files obtained by this method are downloaded in hundreds or even thousands of individual pieces. In turn, each downloaded piece is immediately available for distribution to other users seeking the same file. The effect of this technology makes every downloader also an uploader of the content. This means that every user who has a copy of the infringing material on a torrent network also serves as a source for others to download that material.

26. The total number of users participating in a swarm at a given time increases the overall speed and efficiency at which all the other swarm members can download the entire file. Thus, each user relies on the other swarm members for not only specific bits and pieces of the audiovisual file he

THE LAW OFFICE OF D. GILL SPERLEIN
345GROVE STREET
SAN FRANCISCO, CA 94102
TEL: 415-404-6615 FAX: 415-404-6616

THE LAW OFFICE OF D. GILL SPERLEIN
345GROVE STREET
SAN FRANCISCO, CA 94102
TEL: 415-404-6615 FAX: 415-404-6616

exchanges to or from specific users, but also he relies on *all* the other peers participating in the swarm at that time to increase the speed at which he or she is able to download the file.

27. Within the group of defendants in this matter, the PRIMARY DISTRIBUTOR DOE 1, was the first user Plaintiff recorded. PRIMARY DISTRIBUTOR DOE 1then stayed on line and continued to offer the pieces for at least 46 hours, while other peers logged on and downloaded pieces of the file he and other peers were distributing. In turn, those peers exchanged those pieces with other peers.

28. DOES 2 through 89 each participated in the swarm and exchanged pieces of the file PRIMARY DISTRIBUTOR DOE 1 was distributing during the relevant time.

29. Plaintiff recorded at least one point in time when each Defendant was participating in the swarm, noting the date, time, and IP address from which the peer accessed the Internet.

30. Plaintiff will seek an order from the Court allowing it to subpoena Internet service providers in order to learn the identity of the account holders for the Internet accounts used by Defendants to access the Internet and engage in the described infringing activity.

**FIRST CLAIM**
**COPYRIGHT INFRINGEMENT – 17 U.S.C. §501**
Plaintiff Owns a Federally Registered Copyright of the Infringed Movie

31. Plaintiff repeats and incorporates by this reference the allegations set forth in all previous paragraphs.

32. At all times relevant hereto, Plaintiff has been the co-producer and co-claimant of the copyrights in the motion picture, *Star Wars XXX: A Porn Parody*. AXEL BRAUN has registered the

copyright for the motion picture with the United States Copyright Office, and the U.S. Copyright Office assigned the work the registration number PA 1-787-699[1].

Defendants Willfully Infringed Plaintiff's Registered Copyrights

33. PRIMARY DISTRIBUTOR DOE NUMBER 1, without authorization, reproduced and distributed Plaintiff's copyright registered work by and through the Internet using BitTorrent technology.

34. DEFENDANT DOES 2- 89, without authorization, reproduced and on information and belief further distributed Plaintiff's copyright registered motion picture by and through the Internet using BitTorrent technology.

35. Defendants knew or should have known that they were not authorized to reproduce or distribute Plaintiff's motion picture.

**SECOND CLAIM**
**CONTRIBUTORY COPYRIGHT INFRINGEMENT**

36. Plaintiff repeats and incorporates by this reference the allegations set forth in all previous paragraphs.

37. DEFENDANT DOES 2 through 89 directly infringed Plaintiff's copyrights by reproducing and on information and belief distributing Plaintiff's movie with authorization as set forth above.

38. Plaintiff is informed and believes and based thereon alleges that PRIMARY DISTRIBUTOR DOE NUMBER One materially contributed to 89 by providing pieces of Plaintiff's

[1] Axel Braun Productions and Vivid Entertainment, LLC jointly produced and created *Star Wars XXX: A Porn Parody*. The originally filed registration application mistakenly omitted Axel Braun Productions. However, the claimants have submitted a supplemental registration naming Axel Braun Productions as a co-claimant and the Copyright Office is currently processing the supplemental registration.

THE LAW OFFICE OF D. GILL SPERLEIN
345GROVE STREET
SAN FRANCISCO, CA 94102
TEL: 415-404-6615 FAX: 415-404-6616

THE LAW OFFICE OF D. GILL SPERLEIN
345GROVE STREET
SAN FRANCISCO, CA 94102
TEL: 415-404-6615 FAX: 415-404-6616

copyright registered work to those Doe Defendants and/or by allowing those Doe Defendants to download the infringing copies from other peers more quickly and more efficiently by adding to the overall efficiency of the swarm during the time in question.

39. Plaintiff is informed and believes and based thereon alleges that Defendants knew they were infringing Plaintiff's copyright and knew the other swarm participants, including the other Doe Defendants, also were infringing Plaintiff's motion picture.

40. Each of the peers who illegally downloaded Plaintiff's work derived portions of their illegal replication of the file from multiple peers including the other Defendants. At the same time, each Defendant offered pieces of the file to help other peers, including the remaining Defendants, replicate and compile new copies of the file.

41. Plaintiff is informed and believes and based thereon alleges that each Defendant assisted other members of the swarm, by either exchanging pieces with that user directly or by providing an alternative source for peers thereby making the swarm work more efficiently and increasing the speed in which each other Defendants were able to download the entire audiovisual file.

42. Plaintiff is informed and believes and based thereon alleges that the Defendants were conscious of their own infringement and of the fact that multiple other persons downloaded from them the file containing Plaintiff's Motion Picture.

43. The infringement by other BitTorrent users could not have occurred but for the Defendants' participation and the participation of others. As such, the Defendants' participation in the infringing activities of others is substantial.

44. PRIMARY DISTRIBUTOR DOE NUMBER One is contributory liable for the infringing acts of the other Doe Defendants.

45. Each Defendant is jointly and severally liable for the harm Plaintiff suffered as a result of the Defendants' contribution in the infringement of its copyright registered work including the continuing nearly limitless distribution of the file across the Internet.

**JURY DEMAND**

46. Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury of all issues properly triable by a jury in this action.

**PRAYER**

WHEREFORE, Plaintiff AXEL BRAUN respectfully requests judgment as follows:

1) That the Court enter a judgment against all Defendants that they have: a) willfully infringed Plaintiff's rights in federally registered copyrights under 17 U.S.C. § 501; and b) otherwise injured the business reputation and business of Plaintiff by all Defendants' acts and conduct set forth in this Complaint.

2) That the Court issue injunctive relief against all Defendants, and that all Defendants, their agents, representatives, servants, employees, attorneys, successors and assigns, and all others in active concert or participation with them, be enjoined and restrained from copying, posting or making any other infringing use or infringing distribution of audiovisual works, photographs or other materials owned by or registered to Plaintiff;

3) That the Court enter an order of impoundment pursuant to 17 U.S.C. §§ 503 and 509(a) impounding all infringing copies of Plaintiff's audiovisual works, photographs or other materials, which are in Defendants' possession or under their control;

4) That the Court order all Defendants to pay Plaintiff's general, special, actual and statutory damages as follows: Plaintiff's damages and Defendants' profits pursuant to 17 U.S.C. § 504(b), or in the alternative, enhanced statutory damages in the amount of one hundred fifty thousand

THE LAW OFFICE OF D. GILL SPERLEIN
345GROVE STREET
SAN FRANCISCO, CA 94102
TEL: 415-404-6615 FAX: 415-404-6616

dollars ($150,000.00) per infringed work, pursuant to 17 U.S.C. § 504(c)(2), for Defendants' willful infringement of Plaintiff's copyrights;

5) That the Court order all Defendants to pay Plaintiff both the costs of this action and the reasonable attorney's fees incurred by it in prosecuting this action pursuant to 17 U.S.C. § 504; and

6) That the Court grant to Plaintiff such other and additional relief as is just and proper.

Dated: 8/3/2012

Respectfully submitted,

D. GILL SPERLEIN
THE LAW OFFICE OF D. GILL SPERLEIN
Attorney for Plaintiff, AXEL BRAUN

THE LAW OFFICE OF D. GILL SPERLEIN
345GROVE STREET
SAN FRANCISCO, CA 94102 FAX: 415-404-6616
TEL: 415-404-6615