D. GILL SPERLEIN (SBN 172887)
THE LAW OFFICE OF D. GILL SPERLEIN
345 Grove Street
San Francisco, California 94102
Telephone: (415) 404-6615
Facsimile: (415) 404-6616
gill@sperleinlaw.com

Attorney for Plaintiff,

Axel Braun

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

|   |   |
|---|---|
| AXEL BRAUN, | Case No.: 12-4103 YGR (JSC) |
| Plaintiff, | STIPULATION AND [PROPOSED] ORDER |
| vs. | |
| PRIMARY DISTRIBUTOR DOE NUMBER 1 and DEFENDANT DOES 2 through 155, | |
| Defendants. | |

**TO UNITED STATES MAGISTRATE JUDGE JACQULEINE SCOTT CORLEY, AND INTERESTED PARTIES:**

**STIPULATED FACTS**

1.  On October 31, 2012 Plaintiff AXEL BRAUN served a subpoena *duces tecum* on CHARTER COMMUNICATION, ATTN: KELLY STARKWEATHER ("Charter") in the above-entitled action pursuant to an order of this Court dated October 23, 2012. The subpoena demands that Charter release personal identifying information for the entity or individual associated with the Internet Protocol ("IP) address 24.205.247.64 on 2012-4-15 at 10:31:41 a.m. GMT (herein referred to as "Subscriber").

-1-

2. Charter has identified Subscriber as being associated with the above identified IP address at the date and time in question.

3. Plaintiff's Counsel and Subscriber's Counsel have met and conferred regarding the production of the information requested under the subpoena and have agreed to deal with the demand insofar as it relates to the Subscriber in the manner set forth below.

**BASED UPON THE FOREGOING, PLAINTIFF AND SUBSCRIBER HEREBY STIPULATE AND AGREE AS FOLLOWS:**

1. Plaintiff's Counsel shall immediately provide a copy of this Stipulation to Charter Communications with the request that Charter provide the subpoenaed information in a manner *designed to keep the information confidential*. No produced information shall be provided to the Court or to anyone other than Plaintiff's counsel.

2. The Subscriber's name and address shall be stored under the direct control of Plaintiff's Counsel who shall be responsible for preventing any disclosure thereof except in accordance with the terms of this Stipulation.

3. Plaintiff's Counsel agrees not to name Subscriber as a defendant in the within action until Subscriber's Counsel has had a reasonable opportunity to investigate and determine whether Subscriber was involved in the activities alleged in the Complaint. Counsel agree that a reasonable time for such investigation will extend until January 31, 2013 or such further time as is stipulated in writing by Plaintiff's Counsel and Subscriber's Counsel.

4. Counsel agree to further meet and confer on or before January 31, 2013, or on or before such further time as is stipulated in writing, to determine whether Plaintiff has a good faith belief for naming said Subscriber as a party defendant in the within action.

5. Plaintiff's Counsel agrees not to name said Subscriber as a party defendant in the within action without a good faith belief that Subscriber is responsible for the activities alleged in the Complaint.

6. Subscriber's Counsel agrees that if investigation discloses information indicating that persons other than Subscriber were involved in the activities alleged in the Complaint, Counsel will share that information with Plaintiff's Counsel and will cooperate with Plaintiff's counsel in pursuing the responsible parties without, however, any cost or expense to Subscriber.

7. This Stipulation may be executed in counterparts with the same effect as if the parties had signed the same document.  All such counterparts shall be deemed an original, shall be construed together, and shall constitute one and the same instrument.

8. This Stipulation shall bind and inure to the benefit of the parties hereto and their respective successors and assigns.

9. The United States District Court for the Northern District of California will retain exclusive jurisdiction to interpret and enforce the terms of this Stipulation.  Any claims or disputes arising under or in connection with this Stipulation shall be resolved in the above mentioned Court.

10. In the event that any provision, or portion thereof, of this Stipulation is held to be unenforceable or invalid by any court of competent jurisdiction, the validity and enforceability of the remaining provisions, or portions thereof, shall not be affected thereby.

**IT IS SO STIPULATED BY THE PARTIES.**

Dated: December 26, 2012        LAW OFFICE OF D. GILL SPERLEIN

/s/ D. Gill Sperlein

By: D. Gill Sperlein, Esq.
Attorney for Plaintiff

Dated: December 26, 2012        TOEWS SAMBERG & MURPHY, INC.

By: J. Christopher Toews, Esq.
Attorney for Defendant

-3-

STIPULATION AND P̶r̶o̶p̶o̶s̶e̶d̶ ORDER
C-12-4103 YGR (JSC)

**[PROPOSED] ORDER**

Pursuant to the Stipulation above and finding good cause, **IT IS HEREBY ORDERED** that:

1. The Stipulation Regarding Confidentiality and Protective Order (the "Agreement") is entered as an Order of this Court.

2. This Court shall retain jurisdiction over all matters arising from or related to the interpretation or implementation of this Order.

**Dated:** December 26, 2012

*Jacqueline S. Corley*

**MAGISTRATE JUDGE JACQUELINE SCOTT CORLEY**
UNITED STATES DISTRICT COURT